Lawrence H. Meuers, Esq. (SBN: 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DIVERSIFIED DISTRIBUTORS, INC., a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>MORITA PRODUCE, a California corporation; GERRY MORITA, an individual; and PATRICIA NAKAHARA, an individual,<br><br>            Defendants. | Case No.<br><br>Count I: Breach of Contract<br><br>Count II: Declaratory Relief Validating PACA Trust Claim<br><br>Count III: Enforcement of Payment from PACA Trust Assets<br><br>Count IV: Failure to Maintain PACA Trust Assets and Creation of Common Fund<br><br>Count V: Failure to Promptly Pay<br><br>Count VI: Breach of Fiduciary Duty to PACA Trust Beneficiaries<br><br>Count VII: Unlawful Retention of PACA Trust Assets |

## **COMPLAINT**

Plaintiff, Diversified Distributors, Inc. commences this lawsuit against Defendants to enforce its rights under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, and for damages under PACA, federal common law and state law.

## PARTIES

1. Plaintiff is Diversified Distributors, Inc. ("Diversified"), a California corporation with its principal place of business located in Riverside, California.

2. Defendants are:
   (a) Morita Produce, a California corporation with its principal place of business located in Los Angeles, California.
   (b) Patricia Nakahara ("Nakahara"), an individual who, upon information and belief, resides in this district.
   (c) George Morita ("Morita"), an individual who, upon information and belief, resides in this district.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §1331, because Diversified's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. This Court has supplemental jurisdiction over all other claims Diversified has asserted against Defendants under 28 U.S.C. §1367(a).

## VENUE

5. Venue is proper under 28 U.S.C. §1391(b), because a substantial part of the events and omissions underlying this lawsuit occurred in this district, and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. Between November 19, 2019, and January 18, 2020, Diversified and Morita Produce entered into oral contracts for Diversified to sell, and Morita Produce to purchase, in interstate commerce, perishable agricultural commodities (known in the industry as "produce") totaling $53,270.33.

7. Morita Produce accepted the produce from Diversified without objections.

8. Diversified issued and sent invoices to Morita Produce reflecting the agreed upon quantities of produce and amounts Morita Produce owed.

9. Diversified's invoices to Morita Produce included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest accruing at the rate of 18% per year.

10. Diversified has retained the Meuers Law Firm, P.L. to represent it in this matter, and has agreed to pay the firm a reasonable fee for its services.

11. Morita Produce failed to pay for the produce it purchased from Diversified.

## CLAIMS FOR RELIEF
## COUNT I:  MORITA PRODUCE
## BREACH OF CONTRACT

12. Diversified re-alleges ¶¶1 through 11.

13. As detailed in ¶6, Diversified and Morita Produce entered into oral contracts for Diversified to sell produce to Morita Produce in interstate commerce.

14. Morita Produce breached the contracts when it failed to pay for the produce delivered by Diversified.

15. Diversified fully performed all conditions precedent to the agreed contracts.

16. Because Morita Produce breached the parties' contracts, Diversified suffered damages in an amount no less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks a Judgment in its favor and against Morita Produce in an amount no less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT II: DEFENDANTS
## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. §499e(c)*

17. Diversified re-alleges ¶¶1 through 11.

18. As detailed in ¶6, Diversified and Morita Produce entered into oral contracts for Diversified to sell produce to Morita Produce in interstate commerce.

19. During the transactions at issue, Diversified was a commission merchant, dealer, or broker subject to PACA, and held a valid PACA license, number 20040988, issued by the United States Department of Agriculture ("USDA").

20. During the transactions at issue, Morita Produce was a commission merchant, dealer, or broker subject to PACA, and held a valid PACA license, number 19761538, issued by the USDA.

21. When Morita Produce received the produce, it became a trustee of the PACA trust for Diversified's benefit in an amount not less than $53,270.33.

22. By holding a valid PACA license, Diversified preserved its rights as a PACA trust beneficiary of Morita Produce by including the required statutory statement on the face of its invoices, and timely sending them to Morita Produce.

23. Morita Produce failed to pay for the produce it purchased from Diversified.

24. Diversified is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Morita Produce's assets that are subject to the PACA trust.

For these reasons, Diversified seeks an Order declaring that it holds a valid PACA trust claim in an amount no less than $53,270.33 against Morita Produce, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT III: MORITA PRODUCE
## ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### *7 U.S.C. §499e(c)*

25. Diversified re-alleges ¶¶1 through 11 and 18 through 24.

26. Assets subject to the PACA trust include Morita Produce's inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled, purchased, or otherwise acquired with proceeds (collectively, "PACA Trust Assets").

27. Morita Produce must hold the PACA Trust Assets for Diversified's benefit.

28. Morita Produce failed to use the PACA Trust Assets to pay Diversified for the produce transactions described in ¶¶6, and 18.

29. Diversified has suffered damages in an amount no less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks an Order directing Morita Produce to immediately pay to Diversified, as its PACA trust beneficiary, PACA Trust Assets in an amount no less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees.

# COUNT IV: MORITA PRODUCE
# FAILURE TO MAINTAIN PACA TRUST ASSETS AND
# CREATION OF COMMON FUND
### *7 U.S.C. §499b(4)*

30. Diversified re-alleges ¶¶1 through 11, 18 through 24, and 26 through 29.

31. Morita Produce received the produce shipments described in ¶¶6, and 18.

32. As a PACA trustee, Morita Produce must hold the PACA Trust Assets in trust for Diversified and any other unpaid produce sellers and suppliers that hold valid PACA trust claims, until they have received full payment.

33. Morita Produce failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including the claims Diversified has asserted in this action.

34. Because Morita Produce failed to maintain and protect the PACA Trust Assets from dissipation, Diversified has suffered damages in an amount no less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks an Order:

    (i) Creating a common fund from which all PACA trust beneficiaries may receive payment;

    (ii) Directing Morita Produce to maintain PACA Trust Assets in an amount no less than $53,270.33, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims;

  (iii) Directing Morita Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

  (iv) Enjoining Morita Produce from dissipating PACA Trust Assets.

## COUNT V: MORITA PRODUCE
## FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499b(4)

35. Diversified re-alleges ¶¶1 through 11.

36. During the transactions at issue, Morita Produce was a commission merchant, dealer, or broker subject to PACA and held a valid PACA license, number 19761538, issued by the USDA.

37. PACA requires Morita Produce to tender full payment promptly to its unpaid produce suppliers and sellers.

38. Morita Produce failed to pay for the produce it purchased from Diversified within the payment terms for each transaction.

39. Because Morita Produce failed to pay promptly, Diversified suffered damages in an amount no less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks an Order directing Morita Produce to immediately pay Diversified an amount no less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT VI: NAKAHARA AND MORITA
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

40. Diversified re-alleges ¶¶1 through 11, 18 through 24, and 26 through 29.

41. During the transactions at issue, Nakahara and Morita (collectively the "Individual Defendants") were officers, directors, shareholders, and principals of Morita Produce.

42. Individual Defendants were each listed as a "Reported Principal" on Morita Produce's PACA license.

43. Individual Defendants controlled, or were in positions to control Morita Produce's PACA Trust Assets.

44. Individual Defendants had full knowledge and responsibility for Morita Produce's operations and financial dealings.

45. Individual Defendants had duties to ensure that Morita Produce fulfill its duties as trustee of the PACA trust.

46. Individual Defendants had fiduciary duties to ensure that Morita Produce maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

47. Morita Produce breached its fiduciary duty as PACA trustee by failing to maintain sufficient PACA Trust Assets.

48. Individual Defendants breached their respective fiduciary duties by failing to ensure that Morita Produce fulfill its duties as PACA trustee.

49. Because the Individual Defendants breached their respective fiduciary duties, Diversified suffered damages in an amount not less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks a judgment in its favor and against Individual Defendants – jointly and severally – in an amount not less than $53,270.33, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any PACA Trust Assets Diversified receives directly from Morita Produce.

## COUNT VII: NAKAHARA AND MORITA
## UNLAWFUL RETENTION OF PACA TRUST ASSETS

50. Diversified re-alleges ¶¶1 through 11, 18 through 24, 26 through 29, and 41 through 49.

51. The PACA Trust Assets belong to Diversified and similarly situated PACA trust beneficiaries of Morita Produce.

52. Upon information and belief, Morita Produce transferred PACA Trust Assets to the Individual Defendants.

53. By transferring PACA Trust Assets to the Individual Defendants, Morita Produce breached the PACA trust.

54. Individual Defendants have received PACA Trust Assets subject to Diversified's PACA trust claims, for no value, and with actual or constructive knowledge of Diversified's PACA trust rights.

55. Because the Individual Defendants unlawfully retained PACA Trust Assets, Diversified suffered damages in an amount totaling the value of the PACA Trust Assets they received, less any PACA Trust Assets Diversified recovers directly from Morita Produce.

56. Diversified seeks an Order:

> (i) Directing the Individual Defendants to hold any PACA Trust Assets in their respective possession or control in constructive trust for the benefit of Diversified;
>
> (ii) Directing the Individual Defendants to pay an amount totaling all PACA Trust Assets they each received to Diversified; and
>
> (iii) Entering Judgment against the Individual Defendants – jointly and severally - in an amount totaling all PACA Trust Assets they received to the extent of $53,270.33, plus interest,

costs, and attorneys' fees, less any PACA Trust Assets Diversified receives directly from Morita Produce.

**FOR THESE REASONS,** Diversified requests:

A.  On Count I, a Final Judgment in its favor and against Morita Produce, in an amount not less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees;

B.  On Count II, an Order declaring that it holds a valid PACA trust claim in an amount not less than $53,270.33 against Morita Produce, and that its valid PACA trust claims include interest from the date each invoice became past due, costs and attorneys' fees;

C.  On Count III, an Order directing Morita Produce to immediately pay PACA Trust Assets to Diversified equal to an amount not less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees;

D.  On Count IV, an Order creating a common fund from which all PACA trust beneficiaries may receive payments; directing Morita Produce to maintain PACA Trust Assets in an amount not less than $53,270.33, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims, directing Morita Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Morita Produce from dissipating PACA Trust Assets;

E.  On Count V, an Order directing Morita Produce to immediately pay Diversified the amount not less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F.  On Counts II through V, a Final in its favor and against Morita Produce, in an amount not less than $53,270.33, plus interest from the date each invoice became past due, costs, and attorneys' fees;

G. On Count VI, a Final Judgment in its favor and against the Individual Defendants – jointly and severally – in an amount not less than $53,270.33, plus interest from the date each invoice became past due, costs and attorneys' fees, less any PACA Trust Assets Diversified receives directly from Morita Produce;

H. On Count VII, an Order directing Individual Defendants to hold any PACA Trust Assets they possess and control in constructive trust for Diversified; directing Individual Defendants to pay Diversified an amount totaling all PACA Trust Assets received by them; and entering Judgment against Individual Defendants in an amount totaling all PACA Trust Assets they received to the extent of $53,270.33, plus interest, costs, and attorneys' fees, less any PACA Trust Assets Diversified receives directly from Morita Produce; and

I. Providing all other relief this Court deems appropriate upon consideration of this matter.

Respectfully submitted on March 14, 2022.

**MEUERS LAW FIRM, P.L.**

By: /s/ Lawrence H. Meuers
Lawrence H. Meuers (SBN 197663)

*Attorneys for Plaintiff,*
*Diversified Distributors, Inc.*