| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 22-1653-JFW(KSx)** | Date:  September 9, 2022 |

Title:   Diversified Distributors, Inc. -v- Morita Produce, et al.

---

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

| | |
|---|---|
| **PROCEEDINGS (IN CHAMBERS):** | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS, MORITA PRODUCE AND PATRICIA NAKAHARA [filed 7/28/22; Docket No. 20]** |

On July 28, 2022, Plaintiff Diversified Distributors, Inc. ("Plaintiff") filed a Motion for Default Judgment Against Defendants, Morita Produce and Patricia Nakahara ("Motion").  Defendants Morita Produce and Patricia Nakahara (collectively, "Defendants") did not file an Opposition.[1]  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 12, 2022 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following entry of default under 55(a).  Local Rule 55-1 requires that the application for default judgment be accompanied by a declaration that includes: (1) when and against what party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required.  L.R. 55-1.

The entry of default judgment is left to the court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Because granting or denying relief is entirely within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered

---

[1] On July 28, 2022, Plaintiff filed a Notice of Voluntary Dismissal of Claims Against Defendant, Gerry Morita, Only, Without Prejudice (Docket No. 21), which dismissed the only other defendant, Gerry Morita, from this action.

judgment. *Id.; Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). In deciding whether to exercise discretion to enter a default judgment, courts may consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

After default has been entered against a defendant, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). In determining damages, the court may conduct a full evidentiary hearing, or rely on declarations submitted by the parties. Fed. R. Civ. 55(b)(2); L.R. 55-2. However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

For the reasons stated in the Plaintiff's Application, and after considering the *Eitel* factors, the Court concludes that Plaintiff has demonstrated that default judgment should be entered in its favor and against Defendants Morita Produce (on Count I of Plaintiff's Complaint)[2] and Patricia Nakahara (on Count VI of Plaintiff's Complaint)[3] in the principal amount of $53,270.33, plus contractual pre-judgment interest, $1,070.00 in costs, $9,302.00 in attorneys' fees, and post-judgment interest at the rate set forth by 28 U.S.C. § 1961. In addition, with respect to Count II of Plaintiff's Complaint[4], the Court declares that Plaintiff possesses a valid claim under the trust provisions of the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. 499e(c), against Defendant Morita Produce. Finally, the Court dismisses without prejudice the remaining counts in Plaintiff's Complaint.[5]

Accordingly, Plaintiff's Motion is **GRANTED**. Plaintiff shall file a proposed Judgment that conforms with this Order on or before September 13, 2022.

IT IS SO ORDERED.

---

[2] Count I of Plaintiff's Complaint is for breach of contract.

[3] Count VI of Plaintiff's Complaint is for breach of fiduciary duty to PACA Trust beneficiaries.

[4] Count II of Plaintiff's Complaint is for declaratory relief validating PACA Trust claim.

[5] Specifically, the remaining counts in Plaintiff's Complaint are Count III for enforcement of payment from PACA Trust Assets against Morita Produce, Count IV for failure to maintain PACA Trust Assets and creation of a Common Fund against Morita Produce, Count V for failure to promptly pay against Morita Product, and Count VII for unlawful retention of PACA Trust Assets against Nakahara.